**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25-cv-12897 |
| v. | ) ) | Judge Hon. Robert W. Gettleman |
| WOMEN'S HEALTHFIRST, PLLC | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Aiju C. Thevatheril
Daniel J. Cozzi
Benjamin D. Lothson
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
Tel. (312) 321-9100
Fax. (312) 321-0990
athevatheril@smbtrials.com
dcozzi@smbtrials.com
blothson@smbtrials.com

## I.      INTRODUCTION

This is a putative class action lawsuit that seeks nationwide class treatment stemming from two discrete, alleged automated voicemails Plaintiff received on his cell phone. The messages were directed, specifically, to an unknown individual named "Angelica" and related to her medical appointment at Defendant, Women's Healthfirst's clinic. The sole putative class representative, Plaintiff, Jayesh Godambe, alleges he received the messages in violation of the Telephone Consumer Protection Act (TCPA), specifically, 47 U.S.C. § 227(b)(1)(A)(iii). This section of the TCPA prohibits any person or entity from initiating a telephone call using an automatic telephone dialing system or artificial prerecorded voice to any number assigned to a cellular telephone service. *Id*. The TCPA, however, excepts from liability any:

> call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

47 C.F.R. § 64.1200(a)(2).

For the reasons set forth below, multiple of Plaintiff's claims and requests for relief should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and his class allegations should be stricken entirely pursuant to Rule 23.

## II.      RELEVANT ALLEGATIONS

Plaintiff alleges his family cell phone received two automated voicemails from Defendant: one on August 28, 2023 and the other on August 30, 2023, seeking to confirm an appointment for someone other than Plaintiff. (Dkt. No 1 at ¶¶ 18, 23, 25.) The August 28, 2023 voicemail allegedly repeated the following message:

> Hello, please listen to the following message. An appointment is scheduled for Angelica on Tuesday, August 29th at 1:00 pm. Please arrive 15 minutes early to fill

1

out any necessary paperwork. Please bring your insurance card and method of payment for co-pay and co-insurance. Goodbye

The August 30, 2023 voicemail allegedly repeated:

Hello, please listen to the following message. The following is an important message for Angelica. Regarding your appointment on Tuesday August 29th at 1:00 pm. Our records indicate you did not attend your appointment. Your health is very important to us, and it is important that you keep your appointment with our office. Please contact our office to reschedule this appointment. Goodbye

(*Id*. at ¶ 26.)

Plaintiff further alleges that he and his minor son (also an alleged recipient of the two voicemails) never solicited information from Defendant, have never been a customer of Defendant, and never consented to receive calls from the Defendant. (*Id*. at ¶ 22.) Plaintiff claims as a result of the voicemails he suffered an invasion of privacy and was harassed by the Defendant. (*Id*. at ¶ 28.) Plaintiff alleges Defendant's violations were negligent, willful, or knowing.  (*Id*. at ¶ 45.) Plaintiff seeks injunctive relief and money damages. (*Id*. at ¶¶ 34, 47.)

## III.    PLAINTIFF'S PUTATIVE CLASS DEFINITION

Plaintiff purports to assert a "Robo Call" claim on behalf of a single proposed class:

All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

(*Id*. at ¶ 30.)

## IV.    LEGAL STANDARDS

### A.    Standard for Dismissing Claim for Lack of Standing under Rule 12(b)(1)

District courts should "dismiss any claim for which the court lacks subject-matter jurisdiction, such as lack of standing." *Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *2 (N.D. Ill. Aug. 1, 2013) (citing Fed.R.Civ.P. 12(b)(1)). "As a [threshold] jurisdictional

2

requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir.2009); *Citizens Against Ruining the Env't v. EPA,* 535 F.3d 670, 675 (7th Cir.2008). Where the defendant moves to dismiss plaintiff's claim for lack of standing, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Apex Digital*, 572 F.3d at 444. "When seeking injunctive relief, to have standing plaintiffs 'must show a significant likelihood and immediacy of sustaining some direct injury.'" *Taylor v. Kin Ins., Inc.*, No. 25-CV-00213, 2025 WL 1651524, at *2 (N.D. Ill. June 10, 2025) (citing *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) and dismissing claim for injunctive relief under TCPA for lack of standing).

## B.     Standard for Dismissing Claims under Rule 12(b)(6)

"Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing Fed.R.Civ.P. 12(b)(6)). To state a claim, a plaintiff's complaint must contain allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Id*. (citing *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (citations omitted).

## C.     Standard for Striking Class Allegations

"Courts […] evaluate motions to strike class allegations under Rule 23[.]" *Buonomo v.*

*Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014); *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 198 (N.D. Ill. 2020). "Rule 23(c)(1)(A) directs that '[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.'" *Buonomo*, 301 F.R.D. at 295 (citing Fed.R.Civ.P. 23(c)(1)(A)). "[N]othing in the rules says that the court must await a [class certification] motion by the plaintiffs." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court striking class allegations before discovery). The Seventh Circuit has also affirmed a district court's decision to grant a defendant's motion to deny class certification based on the pleadings. *Brodsky v. HumanaDental Ins. Co.*, 910 F.3d 285, 288, 292 (7th Cir. 2018).

When a complaint, on its face, makes clear that certification is inappropriate, "the court may rule on a motion to strike class allegations before class discovery or before the plaintiff moves for class certification." *Day*, 335 F.R.D. at 197-98; *see also Buonomo*, 301 F.R.D. at 295 (*citing Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 829 (N.D. Ill. 2013) (*citing General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) and *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("Consistent with [Rule 23(c)(1)(A)'s] language, a court may deny class certification even before the plaintiff files a motion requesting certification.")); *Cornette v. Jenny Garton Ins. Agency, Inc.*, 2010 WL 2196533, at *2 (N.D. W.Va., May 27, 2010) ("Where the inability to maintain the suit as a class action is apparent from the face of the complaint, a court may dismiss the class allegations on the pleadings.") (citation omitted).

Further, when "the defined class is facially overbroad" because "it exceeds the scope of the Plaintiff's allegations[,]" it is appropriate to strike the class allegations at the pleadings stage. *Vann v. Dolly, Inc.*, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020). Courts within this District strike improper class definitions in whole or in part at the pleadings stage. *See Cholly v. Uptain Grp.,*

4

*Inc.*, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017) (granting an early motion to strike a TCPA class); *Pumputiena v. Deutsche Lufthansa*, 2017 WL 66823, at *10-11 (N.D. Ill. Jan. 6, 2017) (granting a motion to strike at the pleadings stage); *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 293-94 (N.D. Ill. 2014) (granting in part, at the pleadings stage, a motion to strike class allegations in a TCPA case); *Alqaq v. CitiMortgage, Inc.*, 2014 WL 1689685, at *5-6 (N.D. Ill. Apr. 29, 2014) (granting a motion to strike class allegations before discovery).

Under Rule 23, "a district court may look beneath the surface of a complaint." *Lee v. Children's Place Retail Stores, Inc.*, 2014 WL 5100608, *2 (N.D. Ill. Oct. 8, 2014) (citations omitted). "Because defendant's motion to strike class allegations is a vehicle for analyzing the appropriateness of class certification [. . .] the court is not limited to the face of plaintiff's complaint when considering the motion." *Id*.

## V.   ARGUMENT

### A.   Plaintiff's Prayer for Injunctive Relief Should Be Dismissed for Lack of Standing under Rule 12(b)(1).

To "establish standing: the plaintiff must show (1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a "real and immediate" threat of future violations of their rights." *Scherr*, 703 F.3d at 1074 (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, (1983)). "Past exposure to the defendant's allegedly illegal conduct is insufficient." *Taylor*, 2025 WL 1651524, at *2 (citing *Sierakowski*, 223 F.3d at 443)).

In the TCPA context, courts "have generally found that allegations of past TCPA violations

do not establish standing to pursue injunctive relief." *Taylor*, 2025 WL 1651524, at *2 (citing *Martin v. Bottom Line Concepts LLC*, 723 F.Supp.3d 270, 281-82 (S.D.N.Y. 2024) and *Schaevitz v. Braman Hyundai, Inc.*, 437 F.Supp.3d 1237, 1251-52 (S.D. Fla. 2019)). This is particularly true where the complaint allegations show only a few, isolated, automated calls occurred months prior to filing the complaint. For example, in *Taylor*, this Court recently struck the plaintiff's prayer for injunctive relief for lack of standing under Rule 12(b)(1) where, like here, she allegedly received only two automated voicemails months before filing her complaint. *Taylor*, 2025 WL 1651524, at *1. The Court found:

> Plaintiff's allegations do not support the inference that she is at risk of a repeated injury. Plaintiff alleges two calls within the span of a single month. These isolated prior harms, without more, offer the Court no basis to conclude that Plaintiff is likely to receive another pre-recorded call from Defendant in the future. Nor does the complaint plausibly allege that any class member has a real and immediate threat of repeated injury. Plaintiff's allegations with respect to class members are extremely thin, based "upon information and good faith belief" that Defendant "routinely" uses pre-recorded voicemails, and that others have complained about receiving the same call that Plaintiff received. There are no allegations that these proposed class members have received repeated or continuing pre-recorded calls. For these reasons, Plaintiff has not plausibly alleged her standing to pursue injunctive relief under the TCPA.

*Id*. at *2.

Likewise, in *Martin v. Bottom Line Concepts, LLC*, the District Court for the Southern District Court of New York dismissed the plaintiff's prayer for injunctive relief for lack of standing, where it found:

> Although the [operative complaint] asserts that [plaintiff] has "received numerous prerecorded calls from [defendant], ... the full extent of which will be confirmed in discovery," […], it provides factual detail as to only one such robocall—the robocall received on August 30, 2023. […] That call was received a month before [plaintiff] filed suit and several months before she filed the [operative complaint]. The [operative complaint] does not plead facts supporting the proposition that [plaintiff] will ever receive a second (or third or fourth) robocall from [defendant]. It thus does not adequately plead that "the threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur." […]

6

> Without more, the [operative complaint] does not adequately plead a claim for injunctive relief.

723 F. Supp. 3d at 281 (citing *Blair v. Assurance IQ LLC*, No. 23 Civ. 16 (KKE), 2023 WL 6622415, at *5 (W.D. Wash. Oct. 11, 2023) (no standing to seek injunctive relief where plaintiff "only received calls over a period of seven days" months before filing suit)); *Doyle v. Matrix Warranty Sols., Inc.*, 679 F.Supp.3d 42, 43–44 (D.N.J. 2023) (no standing to seek injunctive relief where plaintiff only received one robocall); *Miller v. Time Warner Cable Inc.*, No. 16 Civ. 329 (CAS) (ASX), 2016 WL 7471302, at *4 (C.D. Cal. Dec. 27, 2016) (no standing to seek injunctive relief where plaintiff had not received an violative call in eight months before filing suit)).

Here, the Court should dismiss Plaintiff's prayer for injunctive relief because he has alleged receiving only two, isolated, automated voicemails on August 28, 2023 and August 30, 2023, respectively—more than two years before filing the Complaint. (Complaint at ¶¶ 23, 26.) Further, the content of the voicemails are plainly directed at someone other than Plaintiff, namely, a current or former patient of Women's Healthfirst named Angelica. (*Id*. at ¶ 26.) These alleged facts establish that there is no risk to Plaintiff of receiving future voicemails, and no "real and immediate threat of repeated injury." *See Taylor*, 2025 WL 1651524, at *2. Plaintiff does not have standing to pursue her claim for injunctive relief, which should, therefore, be dismissed.

**B.      Plaintiff's Claims for Willful or Knowing Violations of the TCPA and Treble Damages Should Be Dismissed under Rule 12(b)(6).**

The TCPA allows for treble damages if the "defendant willfully or knowingly violated" the statute. 47 U.S.C. §227(b)(3). Courts in this district have interpreted, in cases where the alleged violating calls were part of a marketing campaign, "willful" to mean voluntary, intentional, actions that do not require specific knowledge that the action constitutes a violation of the TCPA. *See Newbold v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 9131, 2015 WL 13658554, at *5 (N.D. Ill.

Jan. 23, 2015); *ASHOK ARORA, Plaintiff, v. MIDLAND CREDIT MGMT., MIDLAND FUNDING LLC, Defendants.*, No. 15 C 6109, 2021 WL 3737695, at *3 (N.D. Ill. Aug. 23, 2021) (willful or knowing TCPA violation only requires defendant knew of facts constituting the offense).

Other courts have held that a willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Hunsinger v. 204S6TH LLC*, No. 3:21-CV-2847-G-BH, 2022 WL 1110354, at *9 (N.D. Tex. Mar. 23, 2022), *report and recommendation adopted*, No. 3:21-CV-2847-G-BH, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022); *see also Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 755 (W.D. Tex. 2011) (holding that a plaintiff must demonstrate that the defendant was "more than negligent in its TCPA violation"); *Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 334 (S.D.N.Y. 2019) (holding the TCPA makes relevant a caller's intent in connection with treble damages).

Here, Plaintiff's Complaint makes no factual allegations to support the two voicemails he allegedly received were a result of willful or knowing conduct by Defendant. He merely alleges the conclusion that "Defendant's violations were negligent, willful, or knowing." (Complaint at ¶ 45.) Plaintiff cannot satisfy plausibility requirement by reciting mere legal or unsupported factual conclusions, and thus his claim for treble damages should also be dismissed. *See Iqbal*, 556 U.S. at 681 (allegations that defendants "willfully and maliciously agreed" to violate plaintiff's rights were "bare assertions" entitled to no weight); *Zelma v. Art Conway*, No. 2:12-CV-00256, 2013 WL 6498548, at *2 (D.N.J. Dec. 11, 2013) (dismissing TCPA claims for treble damages where plaintiff had failed to provide "any plausible [f]actual allegation" to demonstrate that defendants had acted willfully or knowingly); *Blair*, 2023 WL 6622415, at *4 (dismissing claim for treble damages where plaintiff failed to sufficiently allege violations were willful or knowing).

Instead, the facts alleged here show, at most, Defendant made two isolated calls regarding a medical appointment to a person named "Angelica", and Plaintiff was not Angelica. This is a classic wrong or "reassigned" number case that should not give rise to willful or knowing liability. *Jackson v. Pmab, LLC*, No. CV 16-1705, 2017 WL 4316096, at \*4 (D.N.J. Sept. 28, 2017) (granting summary judgment on issue of willfulness where defendant was given number of called party by third person and defendant thus believed it had authority to call number); *Roark v. Credit One Bank, N.A.*, No. CV 16-173 (PAM/ECW), 2018 WL 5921652, at \*3 (D. Minn. Nov. 13, 2018) (granting summary judgment on TCPA claim where defendant had no reason to know that the phone number had been reassigned because they received no notice from plaintiff and caller I.D. for the number still populated with former user's information); *Sandoe v. Bos. Sci. Corp.*, No. CV 18-11826-NMG, 2020 WL 94064, at \*4 (D. Mass. Jan. 8, 2020) (granting summary judgment after court found "persuasive the FCC's order emphasizing that the TCPA does not require the impossible of callers. It is unclear what else, if anything, [defendant] could have done to ensure the numbers of the clinic patients had not been reassigned."). Plaintiff's claim for willful or knowing violations and treble damages should be dismissed.

    **C.**    **Plaintiff's Class Claims Should Be Stricken Because He Does Not Have Standing to Pursue Injunctive Relief, and He Cannot Meet the Requirements of Rule 23.**

In a class action, the named plaintiff has the burden of demonstrating a proposed class satisfies all four prerequisites of Rule 23(a): numerosity; commonality; typicality; and adequacy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006*), cert. denied* 551 U.S. 1115 (2007); *see also Wright v. Fam. Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at \*2 (N.D. Ill. Nov. 30, 2010) (striking class allegations and explaining that "[e]ven when the defendant initiates the court's review of class allegations, the burden remains on the plaintiff to establish that the suit

9

may be maintained as a class action"). If Plaintiff fails to satisfy even one of Rule 23(a)'s requirements, the class cannot be certified. *See Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Likewise, Plaintiff must demonstrate that her proposed class satisfies one of the requirements of Rule 23(b).

In addition to his individual TCPA claim, Plaintiff brings a TCPA claim against Defendant on behalf of the following class:

> All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

(Dkt. 1 at ¶ 30.) Plaintiff also seeks injunctive relief and monetary damages on behalf of the proposed class. (*Id*. at ¶ 47.) On the face of the Complaint, Plaintiff cannot satisfy the requirements of Rule 23 and therefore his class allegations should be stricken.

### i. Plaintiff's class claims for injunctive relief must be stricken because he lacks standing to pursue those claims.

Plaintiff's lack of standing to pursue his individual claim for injunctive relief means he cannot pursue class claims for injunctive relief. *See Bohn*, No. 11 C 08704, 2013 WL 3975126, at *6 (striking class claims for injunctive relief because individual claim for injunctive relief was dismissed pursuant to Rule 12(b)(1)). Indeed, a "party who cannot establish standing cannot 'seek relief on behalf of himself or any other member of the class.'" *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Thus, the Court must strike Plaintiff's class claims for injunctive relief.

### ii. Plaintiff's TCPA claims are not typical of the proposed class members' claims because they arise from a wrong or reassigned number call.

Rule 23(a)(3) requires a representative plaintiff to establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Buonomo*, 301 F.R.D. at 296 (citing Fed.R.Civ.P. 23(a)(3) and *Muro v. Target Corp.,* 580 F.3d 485, 492 (7th Cir.2009)).

The typicality requirement ensures that the class representative's claims "have the same essential characteristics as the claims of the class at large." *See Oshana*, 472 F.3d at 514 (citation omitted).

In *Buonomo*, the plaintiff was a bystander who received numerous autodialed calls from the defendant to his cell phone attempting to locate a customer/debtor with whom he had no relationship. 301 F.R.D. at 296. The defendant argued the TCPA claim was not typical of the TCPA claims of proposed class members "because the proposed class encompasses not only other 'wrong parties' like [the plaintiff] but also actual debtors whose cell phone numbers Optimum obtained using skip-tracing or call capturing." *Id*. at 297. The court agreed after analyzing the TCPA claim at issue, and found "[o]ne of the central issues in TCPA "wrong party" cases is whether the called party […] is the debtor who consented to receiving calls from the creditor. […] In TCPA cases involving an actual debtor, on the other hand, the central issue is whether the debtor consented to receiving calls on his or her cell phone. *Id*. (stating "[p]ut differently, the central inquiry in a 'wrong party' case is *who* provided consent, whereas the central inquiry in an actual debtor case is *whether* the plaintiff provided consent to receive calls on his or her cell phone.) The court struck the class allegations finding the plaintiff failed "to satisfy Rule 23(a)(3)'s typicality requirement because his 'wrong party' claim lacks the same 'essential characteristics' as the claims of actual debtors included in the proposed class." *Id*. at 297 (citing *Muro,* 580 F.3d at 492).

This case, as alleged, presents very similar facts to *Buonomo*. Here, Plaintiff alleges he received two voicemails regarding a medical appointment that were directed to "Angelica". Plaintiff is simply the wrong party. However, his class definition is not limited to wrong parties, but instead includes all persons in the United States to whose cell phone Defendant placed a call, but who were not customers of Defendant. This definition necessarily includes former patients who Defendant may have called after they were no longer patients. Because Plaintiff was not a

former patient of Defendant, the central inquiry in his case is who provided consent to call his number. Whereas, the central issue in a former patient case would be weather that former patient provided consent. As *Buonomo* explained, Plaintiff cannot establish typicality in this case.

Further, "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). Here, prior consent is a defense to any former patients who were called by Defendant. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1123-24 (11th Cir. 2014) (explaining prior express consent is exception to TCPA liability).

Moreover, the voicemails Plaintiff received were plainly not advertisements, but instead health care messages. "The TCPA bans prerecorded telemarketing and advertising phone calls unless the call recipient has given prior express written consent. *Murtoff v. My Eye Dr., LLC*, No. 1:21-CV-02607, 2024 WL 4278033, at *2 (N.D. Ill. Sept. 24, 2024) (citing 47 C.F.R. § 64.1200(a)(2)). The TCPA, however, excepts liability under the "Health Care Rule" where a call that delivers a "health care message" made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103. *See* 47 C.F.R. § 64.1200(a)(2). Health care calls include:

> calls to describe a health-related product or service that is provided by, or included in a plan of benefits of, the covered entity making the communication; calls for treatment of the individual; and calls for case management or care coordination for the individual, or to direct or recommend alternative treatments, therapies, health care providers, or settings of care to the individual.

*Murtoff* , 2024 WL 4278033 at *3. The FCC specified certain types of calls that clearly have a healthcare treatment purpose, including "appointment and exam confirmation and reminders [and]

wellness checkups." 2015 Order, 30 F.C.C. Rcd. 7961, 8031 ¶ 146.

In *Murtoff*, the court analyze whether the plaintiff's "claim involves facts that distinguish her claim from the claims of her fellow class members," that "undermine[s] the typicality that ... Rule [23(a)(3)] demands." 2024 WL 4278033, at *9. There, the plaintiff alleged a TCPA violation after receiving messages from the defendant eye clinic, where she had not established a patient relationship. *Id*. at **1-2. The court found the calls fell outside the Health Care Rule and thus denied summary judgment on that issue. *Id*. at 3-5. However, the court denied the plaintiff's motion for class certification, highlighting the fact that calls to members of the proposed class who may have had more interaction with the defendant eye clinic:

> might qualify for the Health Care Rule, arguably removing the TCPA's prior express written consent requirement. So these class members' claims would turn not on whether [the defendant] got written consent to call them, but rather on whether they gave consent at all. Because [the plaintiff's] claims are thus distinguishable from those of a large portion of the class and subclass, she fails the typicality requirement.

*Id*. at *9.

Plaintiff's definition is not limited to those who received health care messages, like him, but includes any automated call made by Defendant, which would include debt collection or marketing calls. In other words, where a proposed class member received a marketing or debt collection call, those TCPA claims would be subject to different defenses and consent rules than would the alleged health care messages Plaintiff received. As in *Murtoff*, this precludes Plaintiff from establishing typicality. Even if the court found Plaintiff's alleged voicemails were not subject to the Health Care Rule, his claim would differ from those proposed class members who received debt collection calls or marketing calls, which are subject to different defenses and facts than the two voicemails Plaintiff allegedly received. Plaintiff's claims and proposed class are simply

untenable from a typicality standpoint.

Finally, the Court must consider the critical fact that Plaintiff received only two voicemails relating specifically to a medical appointment for a person named "Angelica" on August 29, 2023. Courts find this circumstance does not satisfy the typicality requirement under Rule 23(a). In *Haight v. Bluestem Brands, Inc.*, the Middle District of Florida denied class certification where the plaintiff alleged the defendant "systematically called his cellular telephone, without his consent, in an attempt to collect an alleged debt that he does not owe." No. 6:13-CV-1400-ORL-28KRS, 2015 WL 12830482, at *1 (M.D. Fla. May 14, 2015), *report and recommendation adopted,* No. 613CV1400ORL28KRS, 2015 WL 12835994 (M.D. Fla. June 1, 2015). The court denied class certification, in part, because the plaintiff could not satisfy the typicality requirement where he "offered no evidence indicating that any other individual was called by [the defendant] in the same manner. *Id*. at *7 (citing *Davidson v. U.S. Steel Corp.*, 104 F.R.D. 1, 3 (W.D. Pa. 1984) (finding that a plaintiff did not satisfy the typicality requirement when he "failed to offer th[e] court any evidence to show that he is not a class of one")); *see also Quinn v. Nationwide Ins. Co.*, 281 F. App'x 771, 776-77 (10th Cir. 2008) (affirming the district court's denial of class certification based on lack of commonality and typicality where "plaintiffs have offered nothing more than speculation that other contracts exist containing the same operative language" or "were breached in the same way.")

Plaintiff's claimed TCPA violation based on two, and only two, distinct voicemails, where there is no inference to be drawn that anyone else in the class could have received these same calls, should preclude Plaintiff from establishing the typicality requirement under Rule 23(a).

### iii.    Plaintiff cannot satisfy the requirements of Rule 23(b).

Plaintiff cannot pursue a claim for injunctive relief, thus, the requirements of Rule 23(b)(2)

14

cannot be met. Rule 23(b)(2) certification is proper only when injunctive or declaratory relief is the predominant remedy requested. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, 131 S. Ct. 2541, 2557 (2011). Because Plaintiff may seek only money damages as a remedy in this case, only certification under Rule 23(b)(3) is available. Rule 23(b)(3)'s predominance requirement is similar to Rule 23(a)'s typicality and commonality requirement but "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). The predominance requirement is not satisfied where a substantial number of class members' claims are subject to viable defenses to TCPA claims. *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 237-38 (S.D. Ill. 2011) (no predominance or ascertainability where a substantial number of proposed class members had voluntarily signed up for casino's rewards program); *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 328-29 (5th Cir. 2008) (individual issues predominated in proposed TCPA class action where defendant had obtained consent from a large percentage of potential class members); *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 106-07 (N.D. Ill. 2013) (same); *Chapman v. First Index, Inc.*, No. 09 C 5555, 2014 WL 840565, at *3 (N.D. Ill. Mar. 4, 2014) (same).

Ultimately, Plaintiff's class allegations do not meet the requirements of Rule 23 and his class action claims should be stricken entirely.

## VI.    CONCLUSION

Women's Healthfirst respectfully requests that the Court dismiss Plaintiff's prayer for injunctive relief and treble damages, strike the class allegations, and provide any other relief this Court deems just and proper.

Dated: January 9, 2026

*[Signature on following page]*

15

Respectfully submitted,

/s/ *Daniel J. Cozzi*

Aiju C. Thevatheril
Daniel J. Cozzi
Benjamin D. Lothson
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
Tel. (312) 321-9100
Fax. (312) 321-0990
athevatheril@smbtrials.com
dcozzi@smbtrials.com
blothson@smbtrials.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2026, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

/s/ *Daniel J. Cozzi*

16