IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 12897 |
| v. | ) ) | Judge Robert W. Gettleman |
| WOMEN'S HEALTHFIRST, PLLC | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Jayesh Godambe brings a one-count putative class action against defendant Women's Healthfirst, PLLC alleging a violation of the Telephone Consumer Privacy Act ("TCPA" or "the Act"), 47 U.S.C. § 227. Defendant moves to dismiss the complaint and strike plaintiff's class allegations. For the reasons below, the motion (Doc. 16) is granted in part and denied in part.

**BACKGROUND**

This case is about two robocalls. Plaintiff alleges that he received two automated voicemail messages on his family cell phone over the course of three days in August 2023. The two messages are reproduced below.

August 28, 2023:

Hello, please listen to the following message. An appointment is scheduled for Angelica on Tuesday, August 29th at 1:00 pm. Please arrive 15 minutes early to fill

1

out any necessary paperwork. Please bring your insurance card and method of payment for co-pay and co-insurance. Goodbye.

August 30, 2023:

Hello, please listen to the following message. The following is an important message for Angelica. Regarding your appointment on Tuesday August 29th at 1:00 pm. Our records indicate you did not attend your appointment. Your health is very important to us, and it is important that you keep your appointment with our office. Please contact our office to reschedule this appointment. Goodbye.

Plaintiff alleges that neither he nor his minor son (who also is alleged to use the family cell phone) have ever been a customer of defendant, solicited information from defendant, or consented to receive calls from defendant.

## DISCUSSION

Defendant moves to dismiss the complaint on multiple grounds. First, defendant moves to dismiss plaintiff's prayer for injunctive relief under Fed. R. Civ. P. 12(b)(1). Second, defendant moves to dismiss plaintiff's claim for willing or knowing violations of the TCPA under Fed. R. Civ. P. 12(b)(6). Third, plaintiff moves to strike the class claims under Rule 23 (a). The court addresses each of these in turn.

A. **Motion to dismiss injunctive relief**

Defendant moves to dismiss plaintiff's prayer for injunctive relief under Rule 12(b)(1), because, according to defendant, plaintiff lacks standing to pursue injunctive relief.

Defendant argues that for a plaintiff to establish that he has suffered an injury-in-fact sufficient to support standing when seeking prospective relief, they must allege a real and immediate threat of a future violation of their rights. According to defendant, plaintiff has not alleged such a threat because plaintiff merely received two isolated calls more than two years before filing the complaint. Defendant contends that these isolated calls are insufficient to establish a real and immediate threat of repeated injury.

Plaintiff responds that the risk of future harm here is not speculative, because defendant has demonstrated its willingness to use its automatic dialing system improperly. Plaintiff argues that because he alleges that defendant routinely uses such robocalls, there is a non-speculative risk that plaintiff and putative class members will continue to receive unlawful robocalls.

The court finds that plaintiff does not have standing to pursue injunctive relief. Generally, a plaintiff must establish standing by showing that he suffered an injury-in-fact that is fairly traceable to defendant's conduct and could likely be redressed by the court. Collins v. Yellen, 594 U.S. 220, 242 (2021). A plaintiff must "demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). At issue here is whether plaintiff has demonstrated standing for prospective injunctive relief. To demonstrate standing for prospective injunctive relief—that is, relief in the future—a plaintiff must show a risk of an injury in the future that is "sufficiently imminent and substantial." TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021); see also Sierakowski v. Ryan, 223 F.3d 440, 443 (7th Cir. 2000) (explaining that "a plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury").

3

Plaintiff has failed to show that it is likely that he, or putative class members, are likely to sustain an injury in the future. The Supreme Court has recognized that "'imminence' is concededly a somewhat elastic concept." Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 n.2 (1992). Nevertheless, the Court has consistently drawn a distinction between "actual or imminent" future injuries and "conjectural or hypothetical" future injuries. Id. at 560. The injury that plaintiff alleges here falls into the latter category. Plaintiff received the two voicemails at issue almost three years ago. The content of the voicemails, as alleged in the complaint, strongly suggest that plaintiff received the voicemails due to mistaken identity. Both voicemails were seemingly directed at someone named Angelica. Plaintiff's allegations do not support the inference that this mistaken identification is significantly likely to recur. See Taylor v. Kin Ins., Inc., No. 25-CV-00213, 2025 WL 1651524, at *2 (N.D. Ill. June 10, 2025) (finding that "[p]laintiff's allegations do not support the inference that she is at risk of a repeated injury" where plaintiff alleged "two calls within the span of a single month").

The primary case that plaintiff cites in his response helps to illustrate the shortcomings of his allegations.[1] In Snyder v. Ocwen Loan Servicing, LLC, 258 F. Supp. 3d 893, 900 (N.D. Ill. 2017), the court found that "[p]laintiffs have sufficiently shown, however, that other members of the proposed class continued to receive phone calls from the company even after [defendant] stopped making calls to [named plaintiffs]." In contrast, here, plaintiff has failed to make such a showing about other members of the proposed class. The

---

[1] In addition to Snyder, plaintiff relies on a passage from Marshall v. Grubhub Inc., No. 19-CV-3718, 2021 WL 4401496 (N.D. Ill. Sept. 27, 2021). But that passage of Marshall does not contain a discussion of standing. Instead, the passage that plaintiff references analyzes—in the context of a motion to strike—whether plaintiff could pursue a class action under Rule 23(b)(2), as opposed to one of the other types of class actions permitted under Rule 23(b). See id. at *9.

complaint does not contain specific factual allegations about calls to anyone other than plaintiff. Consequently, the court finds that plaintiff does not have standing to pursue injunctive relief.

**B. Motion to dismiss claims for willful or knowing violation of the TCPA**

Defendant moves under Rule 12(b)(6) to dismiss plaintiff's claim that defendant willfully or knowingly violated the TCPA. Essentially, defendant's argument is that this is a classic "wrong number" case. And because defendant accidentally called the wrong number, the call cannot constitute a willful or knowing violation of the TCPA. Plaintiff responds that its complaint sufficiently alleges that defendant's violations of the TCPA were willful or knowing, because that standard requires only that the party's actions were intentional, not that it knew it was violating the statute. According to plaintiff, determining whether defendant's actions were willful or knowing will require a fact-intensive inquiry that cannot be resolved at the pleading stage.

The court finds that defendant's motion is not a proper Rule 12(b)(6) motion. Rule 12(b)(6) permits a defendant to assert that the plaintiff "fail[ed] to state a claim upon which relief can be granted." But defendant's motion does not assert that the complaint fails to state a claim upon which relief can be granted. Instead, it argues that the complaint fails to provide grounds for a particular remedy, here, an award of treble damages. The Seventh Circuit has held that "Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original). The BBL, Inc. court contrasted Rule 12(b)(6) with the

5

summary judgment under Rule 56, which "explicitly allow[s] for partial summary judgment and require[s] parties to identify each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." Id. (internal quotation omitted); see also Meeks v. Emiabata, 2015 WL 1636800, at *2 (W.D. Va. Apr. 13, 2015) (collecting cases and explaining that "[s]everal judges of this court, including the undersigned, recently have recognized that Fed. R. Civ .P. 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety").

Defendant's motion improperly requests piecemeal dismissal of a part of plaintiff's single TCPA claim. The complaint contains a single claim alleging a violation of 47 U.S.C. § 227(b). That section authorizes, among other things, a private right of action "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B). That subsection also states that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). Defendant's motion asks the court to preemptively decide that plaintiff's violation of the subsection does not meet the threshold for a discretionary damages award. The discretionary damages award that defendant asks this court to dismiss is not a separate claim, but rather a specific statutory remedy attached to plaintiff's single claim. Rule 12(b)(6) simply does not provide a mechanism for such a dismissal. Consequently, defendant's motion to dismiss under Rule 12(b)(6) is denied.

C. **Motion to strike class claims**

Defendant moves to strike plaintiff's class allegations under Rule 23. Defendant correctly argues that when a complaint, on its face, makes clear that certification is inappropriate, the court may rule on a motion to strike class allegations before class discovery or before the plaintiff moves for class certification. Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 563 (7th Cir. 2011).

Defendant argues that certification is clearly inappropriate because plaintiff will fail to satisfy the requirement of typicality under Rule 23(a)(3). According to defendant, plaintiff's proposed class is overbroad because, while plaintiff alleges that he received calls due to mistaken identity, his proposed class includes all persons in the United States who received a call from defendant despite not being defendant's customer. Defendant argues that plaintiff's mistaken identity claim will pose issues that make his claim atypical of the proposed class. Plaintiff responds by arguing that mistaken identity is not different than the class he seeks to certify, because they are all individuals who received pre-recorded calls from defendant despite not having a relationship with defendant.

The court declines to strike plaintiff's class allegations at this juncture. Defendant's argument seems to hinge on a mischaracterization of the complaint. Defendant claims that plaintiff's class is overbroad because it may include "persons (prior patients) who may or may not have consented to receive calls, and wrong parties, like Plaintiff." But the class proposed in the proposed class in the complaint is:

> Robocall Class: All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or

pre record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

Based on the court's understanding of this proposed class definition, the putative class members are those who, among other things, received robocalls and were not customers of defendant, i.e., they would not have had an opportunity to provide prior consent to be called.

Defendant relies heavily on Buonomo v. Optimum Outcomes, Inc., 301 F.R.D. 292 (N.D. Ill. 2014). But the court in Buonomo found that "the proposed class includes actual debtors whose cell phone numbers Optimum obtained through skip-tracing or call capturing, not just 'wrong parties' like Buonomo." Id. at 296-97. While the proposed class in Buonomo involved both "actual debtors" and "wrong parties," who had not consented to the calls, the proposed class here does not appear to involve an analogous division.

In any event, even if plaintiff's proposed class was overbroad, that "defect does not necessarily warrant striking [plaintiff's] class allegations altogether if they would sufficiently support a narrower proposed class consisting of only 'wrong party' claimants." Buonomo 301 F.R.D. at 297; see also Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012) (explaining that overbreadth issues "can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis"). Consequently, defendant has failed to show that the class allegations should be stricken based on the face of the complaint.

### CONCLUSION

For the above reasons, the motion to dismiss (Doc. 16) is granted in part and denied

8

in part. Defendant's motion to dismiss plaintiff's claim for injunctive relief under Rule 12(b)(1) is granted. Defendant's motion to dismiss claims for willful or knowing violation of the TCPA under Rule 12(b)(6) is denied, as is defendant's motion to strike plaintiffs class allegations. Defendant is directed to answer the complaint, consistent with this opinion, on or before August 11, 2026. The parties shall file a joint status report using this court's form by August 17, 2026.

ENTER:

**Robert W. Gettleman
United States District Judge**

DATE:

9