**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. 25-cv-12897 |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | **Judge Robert W. Gettleman** |
| WOMEN'S HEALTHFIRST, PLLC | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

Pursuant to the Court's July 21, 2026 Memorandum Opinion and Order, Plaintiff Jayesh Godambe and Defendant Women's Healthfirst, PLLC submit this Joint Status Report.

**A. The date and time this case is set of a status report before the Court**

The Court has not presently set a status hearing. The Court directed the parties to file this Joint Status Report by August 17, 2026.

**B. The attorneys of record for each party and trial counsel**

Plaintiff
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510

Defendant
Aiju Thevatheril
Daniel J. Cozzi
Benjamin D. Lothson
SWANSON, MARTIN & BELL LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100

**C. The basis of federal jurisdiction**

This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**D. Whether a jury has been requested**

The Plaintiff has made a jury demand.

**E. The nature of the claims asserted and a brief statement of the facts**

Plaintiff alleges that Defendant Women's HealthFirst, PLLC violated the TCPA, 47 U.S.C. § 227(b) by placing at least two non-emergency prerecorded voice calls to Plaintiff's cellular telephone number (630) 312-XXXX without Plaintiff's consent. Plaintiff alleges that Defendant called on or about August 28, 2023 and August 30, 2023 from (847) 808-8884, leaving voicemails containing prerecorded messages regarding an appointment for an individual unknown to Plaintiff. Plaintiff alleges the messages were delivered in a robotic or automated voice and constituted an unlawful prerecorded call to a cellular telephone line. Plaintiff seeks to represent a proposed nationwide class of similarly situated individuals who received similar prerecorded calls within the four years preceding the filing of the Complaint.

Defendant denies liability and disputes Plaintiff's allegations. Defendant further asserts that this case cannot be certified as a class action.

On July 21, 2026, the Court granted Defendant's motion to dismiss Plaintiff's request for injunctive relief but denied Defendant's motion to dismiss Plaintiff's request for treble damages and denied Defendant's motion to strike the class allegations.

**F. The relief sought in the complaint**

Plaintiff seeks: (1) certification of an appropriate nationwide class pursuant to Federal Rule of Civil Procedure 23; (2) statutory damages of $500 for each violation or up to $1,500 for each knowing or willful violation; and (3) such other relief as the Court deems just and proper. Plaintiff's damages cannot presently be calculated because the number of potentially actionable calls and proposed class members remains to be determined through discovery. In accordance with the Court's July 21, 2026 ruling, Plaintiff no longer seeks injunctive relief.

2

**G. The name of any party which has not been served.**

All parties have been served.

**H. The principal legal issues**

- Whether Defendant placed the alleged calls using a regulated technology to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

- Whether Plaintiff and the proposed class consented to receive the alleged calls;

- Whether Defendant's alleged calls qualify as non-emergency prerecorded calls subject to liability under the TCPA;

- Whether Defendant's conduct was willful or knowing, warranting treble statutory damages;

- Whether the alleged calls fit within an exception to TCPA liability;

- Whether Defendant is vicariously liable for a third party placing or directing the alleged calls; and

- Whether the proposed class meets the requirements of Rule 23

**I. The principal factual issues**

- Whether Defendant places or directs any calls that can be subject to TCPA liability;

- Whether Defendant placed the alleged calls and voicemails to Plaintiff;

- Whether the calls were delivered using an artificial or prerecorded voice;

- Whether Plaintiff or any class member provided prior express consent;

- The volume and scope of Defendant's alleged prerecorded calling activity;

- The identity and operation of any prerecorded message technology used;

- The source from which Defendant obtained Plaintiff's telephone number;

- The identity and role of any third-party vendor or platform involved in placing or delivering the calls;

- Whether Defendant's records associated Plaintiff's number with a patient or customer named Angelica;

- Defendant's procedures for identifying wrong, reassigned, or noncustomer telephone numbers;

- The number and identity of noncustomers who received substantially similar prerecorded calls; and

- Whether Defendant's calling practices were systematic and consistent across the proposed class.

### J. A brief description of all anticipated motions

After discovery, the Plaintiff intends to file a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(3). If the class is certified, the Plaintiff will file a motion for distribution of class notice and then may file a motion for summary judgment.

Defendant intends to file a motion for summary judgment.

### K. Proposed Discovery Plan

Following the 26(f) conference, the Plaintiff served discovery. The parties propose the following discovery plan:

| EVENT | DATE PROPOSALS |
|---|---|
| Initial Disclosures | August 31, 2026 |

4

| | |
|---|---|
| Completion of fact and class discovery | March 31, 2027 |
| Plaintiff Expert Reports | April 30, 2027 |
| Defendant's Expert Reports | May 31, 2027 |
| Plaintiff Rebuttal Reports | June 30, 2027 |
| Completion of expert discovery | July 30, 2027 |
| Class Certification filing deadline | August 31, 2027 |
| Dispositive Motions | 90 days after resolution of class certification |
| Trial | TBD |

**L.  The earliest date the parties would be ready for trial and probable length of trial**

The parties anticipate being ready for trial approximately six months after resolution of class certification and any dispositive motions. Based on the proposed schedule, the earliest realistic trial date would be in 2028. The parties presently estimate that trial would require approximately five days.

**M. The status of any settlement discussions.**

The parties have not yet discussed resolution.  The parties believe that a settlement conference or private mediation may be productive after Plaintiff and Defendant receive sufficient discovery.

**N.  Whether the parties will consent to jurisdiction before a magistrate judge.**

The parties do not presently consent to jurisdiction and trial before a United States Magistrate Judge.

| | |
|---|---|
| PLAINTIFF, | DEFENDANT |
| By his attorney | By their attorney |
| */s/ Anthony I. Paronich* | */s/ Benjamin D. Lothson* |
| Anthony I. Paronich | Aiju Thevatheril |
| Paronich Law, P.C. | Daniel J. Cozzi |
| 350 Lincoln Street, Suite 2400 | Benjamin D. Lothson |
| Hingham, MA 02043 | SWANSON, MARTIN & BELL LLP |
| (508) 221-1510 | 330 N. Wabash Ave., Suite 3300 |
| anthony@paronichlaw.com | Chicago, IL 60611 |
| | athevatheril@smbtrials.com |
| | dcozzi@smbtrials.com |
| | blothson@smbtrials.com |