**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-12897 |
| v. | ) | Judge Hon. Robert W. Gettleman |
| WOMEN'S HEALTHFIRST, PLLC | ) | |
| Defendant. | ) | |

**DEFENDANT WOMEN'S HEALTHFIRST, PLLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Women's Healthfirst, PLLC ("WHF") hereby answers Plaintiff Jayesh Godambe's ("Plaintiff") Class Action Complaint (the "Complaint") as follows:

## I. INTRODUCTION

1. Nature of Action: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER: Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WHF admits that Paragraph 1 of the Complaint quotes a portion of the *Barr v. Am. Ass'n of Political Consultants* opinion, but WHF denies any liability under the Telephone Consumer Protection Act, 47 U.S.C. § 227**

**("TCPA").**

2. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making calls using pre-recorded messages.

**ANSWER: WHF admits only that Plaintiff purports to bring this action under the TCPA, individually and as class representative for all others similarly situated, but WHF denies that Plaintiff is a proper class representative, that WHF violated the TCPA and that Plaintiff is entitled to any relief.**

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**ANSWER: WHF admits only that Plaintiff purports to bring this action on behalf of a proposed nationwide class, but WHF denies that any class should be certified in this case and denies all remaining allegations in Paragraph 3 of the Complaint.**

## II. PARTIES

4. Plaintiff Jayesh Godambe is an individual who resides in this District.

**ANSWER: WHF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.**

5. Defendant Women's HealthFirst, PLLC is also an Illinois company in this District.

**ANSWER: WHF admits the allegations in Paragraph 5.**

## III. JURISDICTION AND VENUE

6. Jurisdiction. This Court has federal-question subject matter jurisdiction over

Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the Telephone Consumer Protection Act ("TCPA") speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 6.**

7. Personal Jurisdiction: The Court has personal jurisdiction over Defendant because it made telemarketing calls into this District and is a resident here.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 7.**

8. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff is a resident of this District.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 8.**

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 9.**

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 10.**

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 11.**

12. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See*

*Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363 (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 12.**

13. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 13.**

14. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules – Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

**ANSWER: This paragraph consists of legal conclusions to which no response is required.**

**WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 14.**

15. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To

**ANSWER: This paragraph consists of legal conclusions to which no response is required. WHF states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 15.**

**B. Unsolicited Calls to Plaintiff**

16. Plaintiff Jayesh Godambe is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies each and every allegation contained in Paragraph 16.**

17. Plaintiff's cellular telephone number is (630) 312-XXXX

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies each and every allegation contained in Paragraph 17.**

18. Plaintiff and his family members use this telephone number for personal,

residential, and household purposes.

**<u>ANSWER</u>: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies each and every allegation contained in Paragraph 18.**

19. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

**<u>ANSWER</u>: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis, denies each and every allegation contained in Paragraph 19.**

20. Plaintiff's telephone number, (630) 312-XXXX, has been on the National Do Not Call Registry since March 2023.

**<u>ANSWER</u>: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis, denies each and every allegation contained in Paragraph 20.**

21. At no point has Plaintiff sought out or solicited information regarding Defendant's services.

**<u>ANSWER</u>: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, denies each and every allegation contained in Paragraph 21.**

22. Plaintiff and his minor son have never been a customer of Defendant and never consented to receive calls from Defendant.

**<u>ANSWER</u>: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies each and every allegation**

**contained in Paragraph 22.**

23. Despite this, Plaintiff and his minor son received a call from Defendant at least on August 28, 2023, and August 30, 2023, from telephone number (847) 808-8884 advertising Defendant's healthcare services.

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, denies each and every allegation contained in Paragraph 23.**

24. Plaintiff and his minor son were and are not interested in Defendant's services.

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies each and every allegation contained in Paragraph 24.**

25. On both calls, Defendant left a voicemail and sought to confirm an appointment for someone that is not Plaintiff, nor are they related or known to Plaintiff or his minor son.

**ANSWER: WHF denies the allegations in Paragraph 25.**

26. Each of the voicemails played one of the below messages:

> **Message 1**
> Hello, please listen to the following message. An appointment is scheduled for Angelica on Tuesday, August 29th at 1:00 p.m. Please arrive 15 minutes early to fill out any necessary paperwork. Please bring your insurance card and method of payment for co-pay and coinsurance. Hello, please listen to the following message. An appointment is scheduled for Angelica on Tuesday, August 29th at 1:00 p.m. Please arrive 15 minutes early to fill out any necessary paperwork. Please bring your insurance card and method of payment for copay and co-insurance. Goodbye
>
> **Message 2**
> Hello, please listen to the following message. The following is an important message for Angelica. Regarding your appointment on Tuesday August 29th at 1:00 p.m. Our records indicate you did not attend your appointment. Your health is very important to us, and it is important that you keep your appointment with our office. Please contact our office to reschedule this appointment. Hello, please listen to the following message. The following is an important message for Angelica. Regarding your appointment on Tuesday August

> 29th at 1:00 p.m. Our records indicate you did not attend your appointment. Your health is very important to us, and it is important that you keep your appointment with our office. Please contact our office to reschedule this appointment. Goodbye

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, denies each and every allegation contained in Paragraph 26.**

27. Each message was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

**ANSWER: WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis, denies each and every allegation contained in Paragraph 27.**

28. Plaintiff and other individuals who received Defendant's pre-recorded calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**ANSWER: WHF denies the allegations in Paragraph 28.**

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and the following Class pursuant to Federal Rule of Civil Procedure 23.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 29, and specifically denies that any class should be certified in this case.**

30. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or prerecord messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF denies each and every allegation contained in Paragraph 30, and specifically denies that this proposed class should be certified in this case.**

31. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis, denies each and every allegation contained in Paragraph 31.**

32. Excluded from the Class are counsel, Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denies each and every allegation contained in Paragraph 32.**

33. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient**

**to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, denies each and every allegation contained in Paragraph 33.**

34. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies each and every allegation contained in Paragraph 34.**

35. The Class defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

**ANSWER: WHF denies the allegations in Paragraph 35.**

36. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis, denies each and every allegation contained in Paragraph 36.**

37. The joinder of all Class members is impracticable due to the size and relatively modest value of each claim.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis, denies each and every allegation contained in Paragraph 37.**

38. Additionally, the disposition of the claims in a class action will provide substantial

benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis, denies each and every allegation contained in Paragraph 38.**

39. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis, denies each and every allegation contained in Paragraph 39.**

40. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
(b) whether Defendant's conduct constitutes a violation of the TCPA; and
(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, denies each and every allegation contained in Paragraph 40.**

41. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Class.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis, denies each and every allegation contained in Paragraph 41.**

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER: This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, WHF lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies each and every allegation contained in Paragraph 42.**

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

43. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER: WHF repeats the prior Answers to the complaint and incorporates them by reference herein.**

44. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

**ANSWER: WHF denies the allegations in Paragraph 44.**

45. The Defendant's violations were negligent, willful, or knowing.

**ANSWER: WHF denies the allegations in Paragraph 45.**

46. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER: WHF denies the allegations in Paragraph 46.**

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**ANSWER: WHF denies the allegations in Paragraph 47.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry or pre-recorded messages, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

**ANSWER: No response is required to Plaintiff's prayer for relief. To the extent a response is required, WHF denies that any class should be certified in this case and denies that Plaintiff or any members of the putative classes are entitled to any of the relief sought.**

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

**ANSWER**: **WHF admits Plaintiff demands a trial by jury.**

**WHEREFORE**, Defendant WHF respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff on all of Plaintiff's causes of action, and for such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendant Women's Healthfirst, PLLC ("WHF") asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon WHF's current understanding of the claims asserted by Plaintiff, and WHF reserves the right to plead additional defenses when and if they become appropriate and/or available in this action. WHF may assert additional affirmative defenses to which it may be entitled, or which may be developed during discovery, including unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes insofar as class certification has not been granted and is

not appropriate. In further response to the Complaint, WHF asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint and each purported claim contained therein fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing)**

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to WHF's alleged conduct, to satisfy Article III standing.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes lacks standing because they have not incurred a loss.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Statutory Standing)**

Plaintiff is not within the "zone of interests" protected by the TCPA, and thus lacks statutory standing to assert such claims against WHF.

**FIFTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are

unconstitutionally vague and overbroad and thus violate the Due Process Claus of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The statutory defenses allowed under the TCPA violate WHF's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Excessive Penalties)**

The statutory penalties sought by Plaintiff and members of the putative classes are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**
**(Prior Express Consent)**

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes provided consent for the alleged calls to WHF, any other defendant, or any third-party not named in the Complaint, including, without limitation, "prior express consent" under the TCPA.

**TENTH AFFIRMATIVE DEFENSE**
**(Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Waiver and Estoppel)**

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in party, and/or their claims are barred by estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than WHF, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

WHF at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Own Actions or Inaction)**

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express consent to receive calls.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Defenses Specific to Class Members)**

WHF may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. WHF reserves the right to assert such additional affirmative Defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

WHF is not liable to Plaintiff or members of the putative classes because WHF acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Duplicative Relief)**

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting WHF to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Settlement Credits or Setoff)**

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, WHF is entitled to any settlement credits or setoff permitted by law.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Not Knowing or Willful)**

Plaintiff is precluded from any recover from WHF for a willing and knowing violation of the TCPA because any such violation, which WHF denies occurred, would not have been willful or knowing.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Mitigation)**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))**

The Court lacks personal jurisdiction over WHF as to the claims of any nonresident putative class member(s). *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Claims Barred by Other States' Laws)**

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Plead Basis for Class Certification)**

Plaintiff has not pled an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Class Certification Cannot be Met)**

The prerequisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is not practicable, individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses or other putative class members; Plaintiff is not an adequate representative for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy. In addition, the

prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Not Marketing or Advertising and Lack of Commercial Purpose)**

Plaintiff's claims are barred as WHF was not selling or promoting a good or service for Plaintiff to buy or sell, and therefore any communication to Plaintiff was not advertising and lacked a commercial purpose requisite for violation of the TCPA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Vicarious Liability)**

The alleged violative calls were made not by WHF but an independent third party which lack actual, implied, or apparent authority to act as the agent of WHF, and WHF had no control over the operations of the third party.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Healthcare Exception)**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone call was a healthcare-related communication made for the purpose of providing a patient appointment reminder. To the extent Plaintiff or the intended recipient provided the subject telephone number in connection with obtaining healthcare services, scheduling or receiving medical care, or otherwise communicating with a healthcare provider, such provision constituted prior express consent to receive healthcare-related calls reasonably related to the provision of those services, including appointment reminders. The alleged call was informational and healthcare-related, and was not made for telemarketing, advertising, or solicitation purposes. To the extent the subject telephone number had been reassigned to Plaintiff, Defendant lacked knowledge that the number had been reassigned and reasonably relied upon the telephone number and consent previously provided by the intended patient. Defendant did not knowingly or intentionally initiate a call to a

person who had not consented to receive the communication. Defendant therefore denies that the alleged call violated the TCPA and asserts all applicable statutory, regulatory, and FCC-established protections concerning calls to reassigned telephone numbers. Accordingly, the alleged communication was made with the requisite consent and/or falls within applicable TCPA and FCC protections governing healthcare-related communications, and Plaintiff is not entitled to the relief sought.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

WHF reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE**, Defendant Women's Healthfirst, PLLC respectfully requests that the Court enter a judgment against Plaintiff and in favor of Women's Healthfirst, grant costs incurred by WHF herein, if and to the extent permitted by law, and for any such further relief that this Court deems just and proper.

Respectfully submitted,

/s/ *Daniel J. Cozzi*

Aiju C. Thevatheril
Daniel J. Cozzi
Benjamin D. Lothson
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
Tel. (312) 321-9100
Fax. (312) 321-0990
athevatheril@smbtrials.com
dcozzi@smbtrials.com
blothson@smbtrials.com